UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ARNAUD BA,                          )
                                    )
        Plaintiff,                  )
                                    )
                                    )
        v.                          )  Civil Action No. 1:15cv1669
                                    )
ZACHARY RIDENHOUR,                  )
     et al.,                        )
                                    )
        Defendants.                 )
                                    )

REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on plaintiff's failure to state an actionable claim in the Complaint filed December 17, 2015. (Dkt. 1.) Following the Order of the Court dated May 26, 2016, granting plaintiff thirty days to properly serve defendants, the undersigned Magistrate Judge took the matter under advisement to issue this Report and Recommendation. (Dkt. 9.)

PROCEDURAL HISTORY

Plaintiff filed a Complaint in this action on December 17, 2015, stating that "[he] was targeted and bullied by coworkers. [He] was harassed, humiliated, and threaten[ed] in front of customers and employees." (Dkt. 1.) Plaintiff alleges he informed his supervisors of these claims but no action was taken. (Id.) Judge Ellis granted plaintiff's Motion for Leave to

Proceed in forma pauperis on January 5, 2016. (Dkt. 3.) Service of Process began on the same day. On April 20, 2016, Judge Ellis ordered that plaintiff seek an entry of default judgment pursuant to Federal Rule of Civil Procedure 55(a). (Dkt. 6.) In response to plaintiff's request of a continuance in regard to the hearing for default judgment, the undersigned took note in an Order dated May 26, 2016, that process had not been properly served on defendants and ordered plaintiff to properly serve defendants in accordance with Federal Rule of Civil Procedure 4 within thirty days. (Dkt. 9.)

ANALYSIS

Title 28 of the U.S. Code Section 1915(e)(2)(B)(ii) states "the Court shall dismiss the case at any time if the Court determines that the action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To state a claim under § 1915A(b)(1), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663. However, "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, and a plaintiffs "[f]actual allegations must be enough to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 55.

In the instant case, the undersigned finds that plaintiff merely alleges bullying without a federally recognizable claim such as discrimination based on age, sex, race, national origin, etc. See 42 U.S.C. §1983. Plaintiff contends touching occurred but does not specify by whom, does not allege any harm, and does not state that the touching was done for discriminatory reasons. Similarly, plaintiff alleges a chef presented a knife towards him but did not allege specific harm or that it was done because of discriminatory reasons.

Further, plaintiff failed to specify any particular person who acted in a discriminatory or other illegal manner. Only one defendant is named by first and last name, Zachary Ridenhour, and the two others are listed only by first name, Chris and Ches. Nowhere in the Complaint are these defendants alleged to have committed any acts, discriminatory or not. (Dkt. 1.) Additionally, plaintiff alleges that he complained to his employer who took no action, but plaintiff alleged no grounds which would establish employer liability for bullying.

RECOMMENDATION

For the reasons outlined above, the undersigned recommends that plaintiff's Complaint against defendants be dismissed without prejudice for failing to state a claim on which relief may be granted and the Court grant plaintiff thirty (30) days to amend the Complaint to state a viable claim.

IV.   NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to plaintiff at the following address:

1730 Felwood St
Fort Washington, MD 20744

_____/s/_____
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

September 9, 2016
Alexandria, Virginia